Filed 7/8/25  P. v. Anderson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C102247 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CF03164) |
| v. | |
| OLIVER WENDELL ANDERSON, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Oliver Wendell Anderson, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Anderson was driving a motorcycle in a wildlife area in Oroville, alongside another car, when officers from the Department of Fish and Wildlife pulled behind them. Seeing the officers, Anderson fled, accelerating to speeds of approximately 100 miles per

1

hour.  Officers pulled over the car, while other officers continued to pursue Anderson on his motorcycle.  While being pursued, Anderson drove into oncoming traffic, through multiple stops signs and red lights, passed vehicles on a double yellow line, and traveled in the wrong lanes of traffic.

The next day, officers contacted the registered owner of the car seen with Anderson who identified the motorcycle driver as Anderson.  Nearly a week later, Butte County Sherriff deputies encountered Anderson at a traffic stop while he was a passenger in a car.  He attempted to flee on foot but the deputies apprehended and arrested him.  Anderson told officers he fled because he did not have a valid driver's license, was on postrelease community supervision, and was attempting to discontinue his use of fentanyl.

The People filed a complaint that charged Anderson with driving against traffic while fleeing a pursuing police officer (Veh. Code, § 2800.4) and driving recklessly while fleeing a pursuing police officer (Veh. Code, § 2800.2, subd. (a)).

In July 2024, Anderson pled no contest to felony driving recklessly while fleeing a pursuing police officer in exchange for a dismissal of the other count.  The trial court sentenced Anderson to the upper term of three years in prison.  The court awarded Anderson a total of 72 days of custody credits.  Anderson timely appealed.  Anderson did not obtain a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Anderson was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening

brief. More than 30 days have elapsed, and we have received no communication from Anderson.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Anderson.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
HULL, J.


_____/s/_____
KRAUSE, J.